RUIZ *v.* DEL VALLE, MAYOR OF SAN JUAN.

APPEAL from the District Court of San Juan. Seccion 2.

No. 643.—Decided May 31, 1911.

REMOVAL OF MUNICIPAL EMPLOYES—POWER OF APPOINTING OFFICER.—In general terms, and in the absence of a statute prohibiting it, the officer authorized to appoint employes also has the inherent power to remove them.

ID.—CONSTRUCTION OF SECTION 32 OF MUNICIPAL LAW.—The proviso of section 32 of the Municipal Law of March 8, 1906; as amended March 10, 1910, does not state a general rule but an exception thereto—that is, that except in the cases mentioned expressly in said proviso, in order to remove a municipal employe it is unnecessary to prefer charges, serve notice thereof, and hear him in his defense.

ID.—JUST CAUSE—NOTICE AND HEARING.—Although in some cases the rule is that when the law requires that just cause for the removal of an employe should exist, it is necessary to serve notice on and hear him. This is not a general rule. And in the case at bar, it is unnecessary to decide this question since the petitioner received notice of the charges and was heard in his defense.

ID.—PUBLIC OFFICES—PROPERTY RIGHT.—The right of a public official to hold office is not a property right, but, on the contrary, it is subordinate to the good of the public service.

ID.—DISCRETION OF MAYOR—LACK OF JUST CAUSE.—Even in cases where the sufficiency of the cause for the removal of an employe is doubtful, the courts will not interfere with the exercise of the discretional power of the mayor to remove employes unless it is shown that the removal has been unjust as, for example, for political or religious reasons.

ID.—NOTICE AND HEARING OF PARTY REMOVED—EVIDENCE.—In the case at bar the court, after weighing the evidence introduced at the trial, held that petitioner received ample notice of the charges preferred against him, and was heard in his defense.

ID.—ADMISSION OF EVIDENCE—LETTER OF EMPLOYE.—A letter addressed by the petitioner to the city attorney is admissible as evidence in a case of this nature, to prove that notice had been served on said employe, and that he had knowledge of the charges preferred against him.

The facts are stated in the opinion.

*Mr. J. H. Brown* for appellant.

*Mr. Ramón Falcón* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The petitioner was the municipal inspector of electric service in San Juan and was appointed to that position by the mayor of San Juan. He took possession of this position on July 1, 1908, and continued to hold it until July 15, 1910, when he was dismissed from his position by the mayor of San Juan. The object of this petition was to restore him to his position. The petitioner alleged that neither in the letter of July 15 dismissing him, nor in that of July 11 asking for his resignation, were any reasons given for removal; that the petitioner was not notified of any complaint or charge against him, and does not know of any charges

presented against him, nor of what they consisted, and that no opportunity was given him to defend himself against such charges; that such removal was illegal because it was not made according to law, and therefore was null and void; that the defendant, Francisco Del Valle, the said mayor, although requested so to do, refused to restore him to his position.

The respondent in his answer denied that the petitioner was not notified of the charges against him, or that he was not given an opportunity to defend himself, and set up affirmatively that six months before the date of the answer the petitioner was notified that Messrs. Cartagena & Giménez complained that said petitioner was competing with them in the sale of articles for electrical purposes, and in his position as inspector he continually had occasion to accept or reject the goods of said firm; that when this complaint was mentioned to said petitioner he offered to get rid of his shop, but postponed doing so, and that finally he presented an opinion of the Attorney General of Porto Rico saying that the petitioner had a right to follow his profession outside of office hours; that all this happened unofficially, but that later the said firm, Cartegena & Giménez, complained to the Attorney General, who wrote a letter to the mayor, saying substantially in his opinion that the selling of electric materials was inconsistent with the rightful exercise of the duties of municipal inspector, whereupon the mayor referred the matter to the city attorney, who in turn wrote a letter to the petitioner setting out the facts and complaining of the incompatibility, and requesting a statement from the petitioner. The latter replied admitting that he had an establishment in which electric materials were sold, but setting up substantially that he would not allow such fact to interfere with his duties or to put pressure on employes in the purchase of goods, and also setting up the opinion of the Attorney General, to which we have referred, that there was no incompatibility.

There was evidence at the trial tending to prove all the facts set up in the answer. Not only was the petitioner notified early in July by the city attorney of the nature of the charge against him, but he had been notified unofficially six months before. It is clear from the evidence that the petitioner knew for a long time that the mayor was dissatisfied with the condition of affairs; that petitioner tried to sell his establishment and did not sell because he could get no satisfactory offer. The complaint in this case is that petitioner had no due notice and no proper hearing or time to prepare a defense.

In the absence of a statute forbidding it, the power of removal is incident to the power of appointment. (*Ex parte Hennen*, 13 Pet., 230; *Trainor* v. *Board of County Auditors*, &c., 15 L. R. A., 95, and cases cited in the note.) We have, however, a statute which provides:

"Section 32.—The *alcalde* shall appoint all employes of the municipality whose appointments are not otherwise provided for in this Act, as authorized by the appropriations of the budget, and it shall be his duty to see that they properly perform their duties. The *alcalde* may, for just cause, remove all officers and employes appointed by him alone, or appointed by him with the advice and consent of the municipal council; *Provided, however*, That the municipal comptroller or municipal secretary performing the duties of comptroller shall not be removed except by and with the consent of the municipal council after charges shall have been preferred in writing by the *alcalde* to the council and after a term of two days shall have been given the comptroller to submit to the council a written answer to such charges." (Laws of 1910, p. 116.)

It is suggested that from the proviso of the law it may be inferred that charges would have to be preferred and an opportunity given to answer in all cases, the notice and hearing therein set out being a general requirement, with the exception that when the municipal comptroller or secretary is concerned the charges have to be made to the council. We are inclined to agree with the court below that the proviso, if anything, would state the exception and not the rule in re-

gard to notice and a hearing. However, in a number of States the rule is that where the statute enacts that a person may be removed for just cause a notice and a hearing is necessary, but the rule is not universal. (15 L. R. A., p. 98.) We do not need to decide the question specifically in this case because we think the requirements of notice and a hearing were fully performed.

That there was cause for removal is practically admitted, and we think that there was such cause. The public service, it must be insisted, is not a property right and must always be given first consideration. It should not be allowed to fall under suspicion, as would happen where a man is carrying on a private occupation, and his subordinates, in his official position, to curry favor with their superior, would tend to purchase from him.

Even if we were doubtful of the sufficiency of the cause of removal we should not interfere with the discretion of the mayor in a case like this. In order to justify a recourse to the courts, the question of notice and hearing aside, an applicant would have to show clearly that he was removed without cause, for instance, as suggested by the court below, on account of his religion or his politics.

If all the evidence was properly admitted, it is beyond doubt that the petitioner had ample notice and all the hearing to which he was entitled. Mr. Rivera, a friend of the mayor and delegated by the latter, had a conversation with petitioner six months before. The city attorney notified him again early in July. The petitioner offered to rid himself of his private business. He was given a chance to defend himself to the mayor's legal representative and banked his defense on the opinion of the Attorney General, who was never, it appears, fully apprised of the facts. It was, however, the opinion of the mayor and his advisers as to such incompatibility that should have had weight for the petitioner. He knew all along what was charged against him and he offered an inadequate defense. There was perhaps

no technical document proceeding from the mayor to the petitioner. There was no formal hearing at which the mayor and the petitioner faced each other. The fundamental principles, however, of notice and a hearing were observed. It is not necessary that there should be a trial. The statute says the mayor may remove for just cause. Through various instrumentalities petitioner was informed of the cause, and through the same or similar instrumentalities the mayor heard his defense. The petitioner had no right to allege in his complaint that he was removed without notice and a hearing. It was not true, as set out in the fifth paragraph of the complaint, that petitioner knew of no charges against him.

Various exceptions were taken at the trial to the admission of evidence. Petitioner first objected to the admission of his letter to the city attorney. The letter was admissible to prove notice and was admissible on cross-examination because petitioner on direct examination had denied knowledge of charges. The order of the proof is within the sound discretion of the trial court.

The second exception related to a conversation with Mr. Rivera, who acted in the first instance as an agent of the mayor. The ground of the objection was not stated. The testimony tended to prove notice.

The third exception relating to same conversation was similar to the second, and an additional ground of objection was the remoteness of the interview, happening as it did six or eight months before. The interview showed that the cause for removal had existed a long time, and petitioner had notice of it.

The fourth exception related to an objection made to the admission of a letter from Mr. Rivera to the mayor in regard to the interview with petitioner. The witness admitted that the letter was substantially a faithful account of the interview. The letter was original evidence of the knowledge brought home to the mayor, and it was part of the respond-

ent's case in order to show the consideration he gave to the charges against petitioner. The proof, moreover, was cumulative and petitioner was not injured by the admission.

The fifth exception relates partly to the order of proof on which we have just commented. The question related to what was business of petitioner and was entirely pertinent to the case.

The sixth exception related again to the letter from Rivera to Del Valle, on which we have commented. Nearly everything to which objection was made was proved *aliunde*. The trial was before a judge who in his decision can generally be relied on to distinguish between what is pertinent and what is not. (*Belber* v. *Calvo* [16 P. R., 342], judgment of May 19, 1910; *People of Porto Rico* v. *Silva* [17 P. R., 577], judgment of May 18, 1911.) The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.